UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

TERESA WILLIAMS, an
individual,

                                        NO. CIV. S-08-CV-00799 FCD-EFB

        Plaintiff,

    v.                                  <u>MEMORANDUM AND ORDER</u>

DR. HAROLD DAWLEY, JR., an
individual; WELLNESS
INSTITUTE/SELF-HELP BOOKS,
LLC, and WELLNESS INSTITUTE,
INC.,

        Defendants.


----oo0oo----

    This matter is before the court on defendants Dr. Harold

Dawley, Jr. ("Dawley"), Wellness Institute/Self-Help Books, LLC,

and Wellness Institute, Inc.'s (collectively "defendants") motion

for relief from entry of default pursuant to Federal Rule of

Civil Procedure[1] 55(c).  Plaintiff Teresa Williams ("plaintiff")

/////

/////

---

        [1]   All further references to a "Rule" are to the Federal
Rules of Civil Procedure.

1

opposes the motion.  For the reasons set forth below, defendants'
motion is granted.[2]

### BACKGROUND

On April 11, 2008, plaintiff filed a complaint against
defendants alleging various claims for relief arising from
copyright and trademark infringement relating to her self-help
book entitled She Must Like It.  (Compl., filed Apr. 4, 2008, ¶
1.)  Plaintiff served process on defendant Dawley, both
personally and as the authorized representative for all other
defendants on April 19, 2008.  (Decl. of Kathleen M. Kerekes
("Kerekes Decl."), filed May 21, 2008, Ex. D at 8-12.)  Pursuant
to the timing requirements set forth in Rules 6(a) and
12(a)(1)(A)(i), defendants' deadline for response was May 9,
2008.

On May 5, 2008, defendants' counsel issued a letter to
plaintiff's counsel discussing the merits of the complaint,
venue, malicious prosecution, and defendants' intention to
contest the allegations.  (Pl.'s Opp'n to Mot. to Set Aside
Default, filed July 7, 2008, ("Opp'n") at 3:1-4; Def.'s P. & A.
at 2:15-19.)  Plaintiff's counsel responded on May 8.  (Opp'n at
2:5-5.)  Defendants' counsel sent a second letter to plaintiff's
counsel on May 13, further discussing defendants' opposition to
the claims.  (Def.'s Mem. of P. & A. in Supp. of Mot. for Relief,
filed May 21, 2008, ("Def.'s P. & A.") at 2:25-27.)  On May 15,
defendants' counsel obtained a hearing date for these defense

---

[2]    Because oral argument will not be of material
assistance, the court orders this matter submitted on the briefs.
E.D. Cal. L.R. 78-230(h).

1  motions.  (Id. at 2:28-3:2.)  On the same day, plaintiff filed a

2  request for default based on defendant's failure to respond.

3  (Id. at 3:2-4; Opp'n at 3:13-17.)  Upon receiving an email notice

4  of the request of default, defendants' counsel sent a third

5  letter on May 16, requesting that plaintiff withdraw the request

6  for entry of default. (Def.'s P. & A. at 3:5-6.)  However, the

7  clerk of the court entered default against defendants that day.

8  Defendants' filed the present motion for relief from plaintiff's

9  request for default on May 21, 2008.

10                              **STANDARD**

11       Default is properly set aside where a party acts within a

12  reasonable amount of time *and* establishes a valid basis for

13  relief.  S.E.C. v. Internet Solutions for Bus. Inc., 509 F.3d

14  1161, 1164-65 (9th Cir. 2007).  Under Rule 55(c), the court may

15  set aside entry of default by the Clerk of the Court for "good

16  cause" shown.  The Ninth Circuit has identified three relevant

17  factors for determining "good cause":  (1) whether the

18  defendant's culpable conduct led to the default; (2) whether the

19  defendant has a meritorious defense; and (3) whether setting

20  aside default would prejudice the plaintiff.  TCI Group Life

21  Insurance Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001)

22  (citing Faulk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)).

23  These three factors are the same as those used to address a Rule

24  60(b) motion to set aside a final default judgment.  Id.

25  However, the factors should be applied more liberally when

26  addressing a Rule 55(c) motion to set aside entry of default.

27  Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 513 (9th

28  Cir. 1986) ("Rule 60(b) grounds are liberally interpreted when

                                 3

used on a motion for relief from an entry of default.")
Furthermore, the court has broad discretion in resolving a Rule
55(c) motion to set aside an entry of default.  <u>Mendoza v. Wight
Vineyard Mgmt.</u>, 783 F.2d 941, 945-46 (9th Cir. 1986) (stating
that, "doubt, if any, should be resolved in favor of the motion
to set aside the [default] so that cases may be decided on their
merits.") (internal citation omitted).

**ANALYSIS**

Defendants argue that they have filed their motion for
relief from default within a reasonable time.  Plaintiff does not
contest the timeliness of defendants' motion.  Defendants asked
plaintiff to withdraw her default request the day after it was
submitted and filed the instant motion within the same week.  As
such, the court finds that defendants' request relief was made
within a reasonable time.

Plaintiff contends that by failing to respond, defendants
engaged in culpable conduct, which is, by itself, sufficient to
show lack of "good cause."[3]  Defendants argue that their conduct
was not culpable, but rather the result of mistake, inadvertence,
or excusable neglect. Defendants' allege that their counsel
mistakenly entered the wrong response deadline into his calender.

A defendant's conduct is culpable when that defendant "has
received actual or constructive notice of the filing of the

---

[3]     Plaintiff does not contest defendants' ability to
satisfy the other two factors relevant to finding "good cause,"
namely, whether defendants are able to allege meritorious
defenses or whether plaintiff will not be prejudiced by granting
defendants' request. Further, defendants have submitted
sufficient argument to satisfy these factors at this stage in the
litigation.

4

action and *intentionally* failed to answer." Alan Neuman Prods.,
Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988) (emphasis
added).  The Ninth Circuit has clarified that in this context
"intentional" is "something more like . . . 'willful, deliberate,
or evidence of bad faith.'"  TCI, 244 F.3d at 697 (quoting Am.
Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir.
1996)).  "Neglectful failure to answer as to which the defendant
offers a credible, good faith explanation negating any intention
to take advantage of the opposing party, interfere with judicial
decisionmaking, or otherwise manipulate the legal process is not
"intentional" under [] default cases [in the Ninth Circuit], and
is therefore not *necessarily* . . . culpable or inexcusable."  Id.
at 697-98 (original emphasis).

        The court does not find that defendants *intentionally* failed
to respond to the complaint.  Rather, defendants present evidence
that their counsel was not cognizant of the proper deadline, nor
of her failure to meet it.  Defense counsel's letter to
plaintiff's counsel on May 13, 2008, four days after the response
deadline, is inconsistent with the conduct of a party
intentionally delaying her response.  Additionally, defense
counsel's letter to plaintiff's counsel, sent the day after she
received notice of plaintiff's request for entry of default, is
also inconsistent with a willful, deliberate, or bad faith delay.
Accordingly, the court does not find any ill motive or deliberate
action by defendants in failing to respond that meets the
standard of culpable conduct.  Rather, the court finds that
defendants acted diligently in responding to plaintiff's
complaint after service and in seeking to remove entry of

default.   Therefore, there is good cause to remove the entry of default and allow the parties to litigate this case on the merits.

Plaintiff relies primarily on <u>Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.</u>, 840 F.2d 685, 690 (9th Cir. 1988), to support its argument that defendants' engaged in culpable conduct by failing to respond after receiving actual or constructive notice of the filing of the action.   However, the facts underlying the court's decision in <u>Direct Mail</u> are materially distinguishable from the facts of this case.   in <u>Direct Mail</u>, there was no contact between the parties from the day after process was served on the defendant.   840 F.2d at 689. Moreover, defendant did not file a motion to remove default for months, after default judgment had been entered, the court had issued a writ of execution, and the plaintiff had levied on the defendant's bank account.   <u>Id.</u> at 686.   Under these facts, the district court found that the lack of communication and knowing delay caused by the defendant justified the entry of default and default judgment and that good cause to vacate the default judgment had not been shown.   <u>Id.</u> at 690.   In this case, there is no dispute as to the ongoing communication between the opposing counsel.   Defendants communicated with plaintiff's counsel on at least three occasions after the complaint was served and before the entry of default.   Defendant discussed the merits of plaintiff's suit and its intention to defend.   Defendants also communicated with the court prior to the entry of default regarding hearing dates.   As such, plaintiff's reliance on the court's analysis in <u>Direct Mail</u> is misplaced.

1

**CONCLUSION**

2      For the foregoing reasons, defendants' motion for relief

3 from entry of default is GRANTED.[4]  Defendants shall file a

4 response to plaintiff's complaint within ten (10) days of the

5 date of this order.

6 IT IS SO ORDERED.

7 DATED: August 11, 2008

8

9                                    _____

10                                    FRANK C. DAMRELL, Jr.
                                     UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  _____

26      [4]    The court notes that, in the alternative, defendants
   argue that the entry of default is void for lack of jurisdiction.
27 Because the court finds good cause to vacate the entry of
   default, it does not reach the merits of this argument.  However,
28 nothing in this order precludes defendants from raising this
   issue at on a motion to dismiss.