IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TERESA WILLIAMS,
an individual,

        Plaintiff,               No. CIV S-08-0799 FCD EFB PS

        vs.

HAROLD DAWLEY, JR., an
individual, WELLNESS INSTITUTE/
SELF-HELP BOOKS. LLC, and
WELLNESS INSTITUTE, INC.,

        Defendants.         <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

       This case was before the court on November 19, 2008, for hearing on defendants' motion to dismiss or, alternatively, to transfer venue.  Kathleen Kerekes and Carl Schwedler appeared on behalf of defendants.  Plaintiff, who proceeds in this action *in propria persona*,[1] failed to appear.  For the following reasons, the court recommends that this action be dismissed due to plaintiff's failure to prosecute.

////

---

    [1] On September 9, 2008, the district judge granted the motion of plaintiff's counsel to withdraw, and defendants renoticed this motion – originally scheduled before the district judge on October 29, 2008 – before the undersigned.

BACKGROUND

   This is a copyright infringement case.  Plaintiff alleges that defendants misappropriated and profited from the publication and sale of her book about domestic violence, entitled *She Must Like It*.  While the parties differ on pertinent dates, the complaint alleges that plaintiff entered into a one-year contract with defendants, ending in February 2000, but thereafter defendants continued to publish and sell plaintiff's book.  Defendants represent that many of the pertinent documents, including their copy of the parties' contract, were destroyed by Hurricane Katrina.  Plaintiff seeks $3.75 million in damages.  Defendants concede sale of only six of plaintiff's books, two of which were returned, between 2003 and 2006, and assert that the parties' agreement, purportedly entered into in February 2000, was not cancelled until 2006.  Defendants contend there are no compensable damages.  *See* Decl. of Cindi Street, Assistant General Counsel for Lightning Source, Inc., Dckt. No. 43, at pp. 2-3, ¶ 9.

   On September 15, 2008, defendants noticed this motion before the undersigned, for hearing on October 29, 2008, and served the motion on plaintiff.  *See* n. 1, supra; *see also*, Dckt. No. 48.  The local rules of this court required that plaintiff's opposition or statement of non-opposition be filed no later than fourteen days before the noticed hearing date, or by October 15, 2008, and personally served upon defendants by the same date, or by mail on or before October 12, 2008.  *See* E. D. Cal. L. R. 78-230(c).  Plaintiff neither filed nor served an opposition or statement of non-opposition to defendants' motion.

   On October 27, 2008, the undersigned issued an order that: (1) continued the hearing to November 19, 2008; (2) directed plaintiff, no later than November 5, 2008, to show cause in writing why sanctions should not be imposed for her failure timely to respond to the pending motion, and to file an opposition or statement of non-opposition to the motion; and (3) warned plaintiff, *inter alia*, that "failure to file an opposition and appear at hearing will be deemed a statement of non-opposition, and shall result in a recommendation that this action be dismissed." *See* Dckt. No. 50.

1   Plaintiff failed to comply or otherwise respond to that order.  Defendants note that they

2   received an email from plaintiff on November 5, 2008, which sets forth a letter purportedly sent

3   to the court bearing the same date.  The letter was neither filed nor received by the court except

4   for the copy of the email filed by defendants.[2]

5   LEGAL STANDARDS

6   A district court may dismiss an action for failure to prosecute pursuant to Federal Rule of

7   Civil Procedure 41(b) (involuntary dismissal for failure to prosecute or comply with federal rules

8   or court order).  *See Link v. Wabash R.R.*, 370 U.S. 626, 629-630 (1962) (district court has

9   inherent authority to dismiss an action, *sua sponte* and with prejudice, in order "to prevent undue

10  delays in the disposition of pending cases and to avoid congestion in the calendars of the District

11  Courts"); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991) (failure to prosecute must be

12  unreasonable to support dismissal); *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)

13  ("dismissal for lack of prosecution must be supported by a showing of unreasonable delay").

14  Dismissal is also authorized by Fed. R. Civ. P.  16(f) (dismissal appropriate "[i]f a party . . . fails

15  to obey a scheduling order or pretrial order"), and E. D. Cal. L. R. 11-110 ("Failure of . . . a party

16  to comply with these Rules or with any order of the Court may be grounds for imposition by the

17  Court of any and all sanctions authorized by statute or Rule or within the inherent power of the

18  court").  "Unless the court in its order for dismissal otherwise specifies," dismissal based on a

19  failure to prosecute "operates as an adjudication upon the merits."  Fed. R. Civ. P. 41(b); *Plaut v.*

20  *Spendthrift Farm, Inc.* 514 U.S. 211, 228 (1995) (dismissal for failure to prosecute serves as a

21  judgment on the merits).

22  A party's *pro se* status does not derogate this authority.  "Any individual representing

23  himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal

24  

25  [2] The court notes, however, that plaintiff's letter does not address the merits of the
    pending motion.  Like the complaint, it seeks an accounting of the number of books sold and
26  payment of any compensation owed plaintiff.

Procedure and by these Local Rules.  Failure to comply therewith may be ground for dismissal, judgment by default, or any other sanction appropriate under these Rules."  E. D. Cal. L. R. 83-183.

A district court must "weigh five factors to determine whether to dismiss a case for lack of prosecution:  (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re Eisen*, 31 F.3d 1447, 1451 (9th Cir. 1994); *accord, Southwest Marine Inc. v. Danzig*, 217 F.3d 1128, 1138 (9th Cir. 2000).  "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction.  Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990).  Dismissal is proper when at least four factors support dismissal or where at least three factors "strongly" support dismissal. *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).

ANALYSIS

The first two *Eisen* factors – the public's interest in expeditious resolution of litigation, and the court's need to manage its docket – favor dismissal of this case without further expenditure of judicial resources.  Plaintiff, who instituted this action, has effectively abandoned it.  This court attempted, under threat of dismissal, to re-engage plaintiff in her own case.  The court should not now be tasked with addressing the merits of defendants' motion at the expense of delaying resolution of other, actively pursued, cases.  The court's need to manage its docket, as well as the public's interest in expeditiously resolving litigation, require the court's selective commitment of limited resources.

Dismissal is also warranted under the third *Eisen* factor, the risk of prejudice to defendants.  Defendants have been prejudiced by incurring the legal expenses associated with making this motion, including its continuance, and are prejudiced by their inability to respond to

an opposition.  "Unreasonable delay creates a presumption of injury to the defense."  *Henderson*,

779 F.2d at 1423.  Additionally, the parties' geographical disparities (defendants reside in

Mississippi, plaintiff in Oregon) create unique pragmatic problems, including the potential for

further delay if this case were to move forward.

The fourth factor generally weighs against dismissal based on the strong public policy

favoring resolution of claims on their merits.  *Dahl v. City of Huntington Beach*, 84 F.3d 363,

366 (9th Cir. 1996).  In this case, however, plaintiff has failed to prosecute or defend her own

action, thus undermining this court's ability fully to address the allegations of her complaint, or

the instant motion.  *See Adriana Intern. Corp. v. Thoeren,* 913 F.2d 1406, 1412 (9th Cir. 1990)

(repeated failures to appear and refusal to produce documents "constitutes an interference with

the rightful decision of the case").  Thus, this factor weighs in favor of dismissal.

The fifth factor, availability of less drastic sanctions, also weighs in favor of dismissal.

Plaintiff has had ample opportunity to oppose the present motion, and to address this court's

order to show cause.  The threat of sanctions has had no effect and this court has been unable to

garner plaintiff's attention.  Plaintiff has utterly ignored the first order to show cause and it

would be inappropriate to continue efforts at coercing plaintiff to prosecute her own case.  Given

plaintiff's wholesale disregard of the local and federal rules or procedure and the previous order

to show cause, there is no available less drastic sanction than dismissal.

The court finds, therefore, that all five *Eisen* factors weigh in favor of dismissal for

failure to prosecute.

Neither further notice of the possibility of dismissal nor convening an adversary hearing

to consider the matter is required under these circumstances.  "The adequacy of notice and

hearing respecting proceedings that may affect a party's rights turns, to a considerable extent, on

the knowledge which the circumstances show such party may be taken to have of the

consequences of his own conduct."  *Link,* 370 U.S. at 632.  There exists no reasonable possibility

that plaintiff was unaware of these proceedings.  Rather, plaintiff's failure to oppose, or appear at

1   the hearing on, defendants' motion to dismiss, particularly after this court's order to show cause,

2   and plaintiff's failure to respond to the order to show cause, strongly implies plaintiff's

3   acquiescence in the probable consequence of dismissal.

4       Accordingly, the court will recommend dismissal of this action pursuant to Fed. R. Civ.

5   P. 41(b), based on plaintiff's failure to prosecute.

6   CONCLUSION

7       For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

8       1.  This case be DISMISSED pursuant to Fed. R. Civ. P. 41(b), based on plaintiff's

9   failure to prosecute this action;

10      2. This court's order to show cause, Dckt. No. 50, be DISCHARGED, and;

11      3. Defendants' motion to dismiss or transfer venue, Dckt. No. 48, be DENIED as moot.

12      These findings and recommendations are submitted to the United States District Judge

13  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after

14  being served with these findings and recommendations, any party may file written objections

15  with the court and serve a copy on all parties.  Such a document should be captioned "Objections

16  to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the

17  specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158

18  F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

19  DATED:  November 24, 2008.

20

21          EDMUND F. BRENNAN
            UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26